FEDERAL TRADE COMMISSION,
Plaintiff,

v.

SWEDISH MATCH NORTH AMERICA,
INC., et al., Defendants.

CIV.A. No. 1:00CV01501 (TFH/JMF).

United States District Court,
District of Columbia.

Aug. 28, 2000.

## MEMORANDUM OPINION
## AND ORDER

FACCIOLA, United States Magistrate Judge.

Plaintiff has moved to allow the live video testimony of one Ronald R. Cross. I hereby grant plaintiff's motion because: (1) the defendants had adequate notice of Mr. Cross's appearance as a live witness pursuant to plaintiff's final Fact Witness List dated August 7, 2000; (2) there is no material difference between the live testimony that defendants seek and the live video testimony sought by the plaintiffs.

### Adequate Notice

The defendants argue that plaintiffs seek to avoid the scheduling order set by Judge Hogan on July 6, 2000, by introducing Cross's testimony through a procedure not contemplated by the order, i.e., live video testimony. The defendants appear to read the order as dividing the universe of all witnesses into two distinct categories: those who will testify live and those who will not. In such a universe, Cross is indeed a hybrid figure. However, this is not fatal to Cross's appearance as a witness.

The defendants had adequate notice that Mr. Cross would be called as a live witness. Plaintiff's Fact Witness List of August 7, 2000 lists Mr. Cross as a "Fact Witness to be Called Live." That the plaintiffs now seek to present Mr. Cross via live video feed does not prejudice the defendants because the defendants had ample notice of Mr. Cross's appearance pursuant to plaintiff's witness list. Further, as I will discuss below, there is no practical difference between a live witness and one who testifies by live video transmission.

### No Material Difference Between
### Live Testimony and Live
### Video Transmission

The defendants further oppose the use of live video transmission on the grounds that it

contravenes Federal Rule of Civil Procedure 43(a). Specifically, defendants argue that the plaintiff fails to meet the "good cause" standard set forth in Rule 43(a), and, alternatively, the procedure does not contain adequate safeguards. I disagree.

■ Both the Federal Rule of Civil Procedure 43(a)[1] and recent cases from the Ninth Circuit support contemporaneous transmission of testimony provided good cause is shown and appropriate safeguards used. *See Beltran–Tirado v. INS*, 213 F.3d 1179 (9th Cir.2000) (permitting the use of telephonic testimony where witness not present in the jurisdiction and witness testimony subject to cross examination); *Alderman v. SEC*, 104 F.3d 285, 288 n. 4 (9th Cir.1997). In *Beltran*, the court found "reason" for contemporaneous transmission because the witness lived in Missouri while the hearing was held in San Diego. *Beltran*, 213 F.3d at 1186. In the present case, good cause is similarly shown by the serious inconvenience that will arise in requiring Mr. Cross, a resident of Oklahoma, to appear as a witness in the hearing in Washington, DC.

■ More importantly, however, the use of live video transmission will not prejudice the defendants because adequate safeguards exist to protect the procedure. In assessing the safeguards of such contemporaneous transmissions, the courts focus on whether the testimony was made in open court, under oath, and whether the opportunity for cross examination was available. *See Official Airline Guides, Inc. v. Churchfield Publications*, 756 F.Supp. 1393, 1399 n. 2, *aff'd Official Airline Guides, Inc. v. Goss*, 6 F.3d 1385 (9th Cir.1993); *Beltran*, 213 F.3d at 1185–86. In the present case, Mr. Cross will testify through live video in open court, under oath, and defendants will have the opportunity to cross-examine the witness. The court, therefore, will have ample opportunity to assess the credibility of Mr. Cross. Indeed, as in *Official Airline*, the court will have a greater opportunity through the use of live video transmission to assess the credibility of the

witness than through the use of deposition testimony.

■ While the defendants argue that the court's ability to assess the demeanor and credibility of Mr. Cross will be jeopardized by allowing Cross to testify by live video transmission, I can say that there is no practical difference between live testimony and contemporaneous video transmission based upon my experience in presiding over two hearings. The delay experienced in video transmission occurs between the question and its transmittal to the witness. The witness, however, answers as soon as he hears the question. The delay observed is not therefore a delay which permits the witness an advantage he would not have if he were in the courtroom.

I appreciate that the Advisory Committee Notes to Federal Rule 43(a), upon which the defendants rely, are more hostile than I am to live video transmission. I suggest, however, that the courts are much more receptive to this new technology than the Advisory Committee. For example, while the Notes suggest that mere inconvenience to the witness is not a compelling reason for contemporaneous video testimony, one Circuit court has already suggested that geographical limitation is sufficient cause. *See Beltran*, 213 F.3d at 1186.

In any event, and notwithstanding the Advisory Committee Notes, I am mystified as to why anyone would think that forcing a person to travel across the continent is reasonable when his testimony can be secured by means which are a) equivalent to his presence in court and b) preferable to reading his deposition into evidence. To prefer live testimony over testimony by contemporaneous video transmission is to prefer irrationally one means of securing the witness's testimony which is exactly equal to the other.

In sum, given the adequate notice provided to defendants of Mr. Cross's live testimony, and the minor difference between live testimony and live video transmission, I believe

---

1. "The court may, for good cause shown in compelling circumstances and upon appropriate safeguards, permit presentation of testimony in open court by contemporaneous transmission from a different location." FED. R. CIV. P. 43(a).

**3**

Mr. Cross should be permitted to testify via live video feed. It is, therefore, hereby

**ORDERED** that *Plaintiff's Motion to Allow for Live Video Testimony of Ronald Cross* is granted.

